IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNUM LIFE INSURANCE
COMPANY OF AMERICA                                                      PLAINTIFF

VS.                          CASE NO. 04-CV-1096

GERALD E. WILLIAMSON                                                    DEFENDANT

## ORDER

Before the Court is a Motion for Summary Judgment filed on behalf of the Plaintiff Unum Life Insurance Company of America ("Unum"). (Doc. No. 17). Defendant Gerald Williamson has responded to the motion. (Doc. No. 20). The matter is ripe for consideration.

## BACKGROUND

Gerald Williamson was an employee of Reliable Life Insurance Company. While an employee of Reliable, Williamson was covered by a group long term disability policy. The policy was issued and administered by Unum and governed by the Employee Retirement Income Security Act of 1974 (ERISA). Under the terms of the policy a claimant would receive benefits equal to 60% of his basic monthly earnings reduced by certain income benefits such as social security. If Unum determined that the claimant might qualify for a deductible source of income, it would reduce the monthly payment by the amount of the estimated deductible source of income. However, a claimant could forgo an estimated monthly reduction of his benefits if he signed a payment option form stating that he would repay Unum any overpayment of benefits caused by such an award.

On April 18, 2000, Williamson filed for long term disability under the plan. On November 27, 2000, Williamson was awarded long term disability benefits equal to 60% of his basic monthly earnings. The benefits were for a period of twenty-four (24) months, beginning on September 17, 2000. On January 11, 2001, Williamson applied for social security disability benefits. During the time his claim was pending with the Social Security Administration, he chose not to deduct the estimated amount of social security benefits from his monthly disability benefits.

On June 15, 2001, Williamson received a Notice of Award from the Social Security Administration. The notice indicated that his social security disability benefits would be $1388.00 per month beginning in September 2000. Williamson mailed Unum a copy of the award letter on July 10, 2001. Unum did not receive Williamson's letter and it continued to pay Williamson his full disability payment.

Williamson attempted several times during the next year to contact Unum and provide it with a copy of the social security award letter. It does not appear that the appropriate person within Unum received this information. On October 22, 2002, Williamson received a letter from Unum estimating an overpayment to him in the amount of $46,222.20. Unum demanded that Williamson repay this amount. On October 30, 2002, Williamson responded to Unum's payment demand stating that he believed that the company's overpayment estimate was too high and refused to pay the estimated amount. Williamson again sent a copy of the social security award letter to Unum which Unum claims it never received. On December 12, 2003 and again on January 10, 2004, Unum demanded that Williamson pay the $46,222.20 overpayment made to him.

On September 3, 2004, Unum filed this action pursuant to 29 U.S.C. § 1132 seeking repayment of the amount overpaid to Williamson under its long term disability plan. It has moved for summary judgment as a matter of law.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view all evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 98th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik v. County of LeSueur,* 47 F.3d at 957.

## DISCUSSION

Unum has filed this action pursuant to 29 U.S.C. § 1132. Section 1132 (a)(3) provides that a civil action may be brought . . . "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Unum seeks equitable relief in the form of restitution of moneys overpaid to Williamson under its long term disability plan. *See Steinmann v. Long Term Disability Plan of May Dept. Stores Co.,* 863 F.Supp. 944 (E.D.Mo. 1994). In its summary judgment motion, Unum contends that Williamson has been overpaid $26,255.54 under the plan and asks the Court to order restitution in that amount. Williamson does not dispute the following facts in this case:

> That he was covered by a long term disability plan issued and administered by Unum;
>
> That he applied for long term disability under the plan;
>
> That he received benefits in the amount of 60% of his basic monthly earnings for twenty-four (24) months beginning in September 2000 and ending in October 2002;
>
> That, under the policy, disability benefits from social security are to be subtracted from his gross disability payment;
>
> That he applied for social security disability benefits;
>
> That he chose not to have his monthly benefit payment reduced by an estimate of his possible social security award until the award or denial of his claim was made;
>
> That he was awarded social security benefits starting in September 2000;
>
> That, from September 2000 through October 2002, he received his full gross disability payment from Unum along with his disability benefit payment from social security; and
>
> That, under the policy, he is required to repay the amount of an overpayment due to an award of social security disability benefits.

What Williamson does dispute is the amount that is due Unum for the overpayment of benefits. Williamson contends that Unum is not owed restitution in the amount of $26,255.54. He contends that Unum miscalculated the amount due–that it subtracted social security family

benefits in its estimation when it knew he was the only family member that was eligible to receive benefits from social security.

Reviewing the evidence before it, the Court finds that under the terms of the long term disability plan in question Unum has the right to recover any overpayment of benefits due to a claimant's receipt of deductible sources of income such as social security. In this case, Williamson received social security disability benefits while he was receiving full disability benefits from Unum. Under the terms of the plan, Williamson is required to repay Unum the amount of the overpayment he received. Therefore, Unum is entitled to summary judgment on the question of restitution.

However, there remains a question concerning the amount of restitution which Unum is entitled. Williamson has raised a question concerning the method Unum used in calculating the amount of overpayment. Reviewing the recalculation submitted with Unum's summary judgment, the Court believes that a question exists as to how the amount of overpayment was reached by Unum. Therefore, Unum is not entitled to summary judgment concerning the exact amount of the overpayment which Mr. Williamson must repay to it.

Accordingly, the Court finds that the Unum Life Insurance Company of America's Motion for Summary Judgment should be and hereby is **granted** in part and **denied** in part. A hearing will be held before the Court on Monday, January 9, 2006 to determine the exact amount of restitution to which Unum is entitled.

IT IS SO ORDERED, this 19th day of December, 2005.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge